(120 App. Div. 275)

PEOPLE v. RYAN.

(Supreme Court, Appellate Division, First Department. June 21, 1907.)

1. LARCENY—SUFFICIENCY OF EVIDENCE.
    In a prosecution for larceny, evidence examined, and *held* insufficient to support a conviction.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Larceny, §§ 164–169.]

2. CRIMINAL LAW—INSTRUCTIONS—FAILURE OF DEFENDANT TO TESTIFY.
    Under the statute providing that a defendant in a criminal case is not to be prejudiced by his failure to testify in his own behalf, where, in a prosecution for larceny, the defendant was not sworn as a witness, it was legal error to charge that the failure of defendant to take the stand does not create a presumption against him, but that, when he does take the stand in his own behalf, he can be subjected to all forms of cross-examination, like any other witness in the case.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1902, 1903.]

Appeal from Court of General Sessions, New York County.
Patrick Ryan was convicted of grand larceny, and appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry Hardwicke, for appellant.
Alexander A. Mayper, for respondent.

SCOTT, J. The defendant was indicted, tried, and convicted of the crime of grand larceny in the first degree, as a second offense. The offense upon which the charge was based was the attempt to steal a pin from the cravat of one Degen, the complaining witness. The evidence on the part of the prosecution was that Degen and one Stein boarded a very crowded Twenty-Third street car at Eighth avenue on Saturday March, 24, 1906, between half past 7 and 8 o'clock in the evening; that they intended going east as far as Sixth avenue;

that Stein managed to get a few feet inside the door, but Degen was obliged to stand on the real platform, the defendant standing in the doorway. Stein says that he saw Ryan with his hand on Degen's pin, which, however, he did not succeed in taking. Stein called out to Degen to look out, that the man was trying to get his pin. The defendant denied it, whereupon Degen hit him. Defendant ducked and jumped off the car; Degen following him. A chase ensued, during which defendant threw off his overcoat and dropped his hat, both of which Degen picked up. The defendant escaped. The defendant was arrested on the following Tuesday. The defendant was identified by both Degen and Stein as the man who had been on the car and had jumped off, and a police sergeant professed to be able to identify his hat, because he had seen him wear it twice a week since January, when he had been arrested for being on the cars. The defense was an alibi, supported in part by the testimony of the prisoner's wife. If there were nothing else in the case, we should be disposed to affirm the conviction, although the identification of the prisoner left much to be desired. Neither Stein nor Degen had ever seen the man before the evening of the alleged attempt, and it is manifest that they had but slight opportunity to get his features well fixed in their minds. The identification by the hat·is, of course, very unsatisfactory, since it is not shown to have been of unusual appearance. We find it, however, difficult to reconcile the man's presence on the car at the time the attempted larceny occurred with other evidence in the case. According to the principal witnesses for the prosecution, they boarded the car between half past 7 and 8 o'clock, and the attempt occurred almost immediately afterwards. It must have been therefore certainly not later than 8 o'clock. It was shown by an apparently disinterested witness, a clerk or salesman in a large and well-known shop on Eighth avenue and Thirty-Fifth and Thirty-Sixth streets, that the defendant was in that shop with his wife at 8 o'clock on the evening in question, and had been there for a quarter of an hour. There was nothing to impeach or throw doubt on this witness' testimony, and he fixed both the day on which the defendant was in the shop and the fact that he was there until 8 o'clock by circumstances which contributed verisimilitude to his story. If this testimony was true, the defendant could not have attempted the theft after he left the store, because the complaining witnesses fix the time as being before 8 o'clock. It seems improbable that he could have attempted the theft before he went to the store, because he then had on an overcoat and hat, and yet the man who had been chased by Degen had thrown away his overcoat and lost his hat, and it seems improbable that he should have had time to replace these articles. It was conceded that the defendant had previously been convicted of grand larceny in the second degree, and sentenced to the penitentiary for a term of six months, and it was shown by the cross-examination of his wife that his character had been bad, and he did not take the stand on his own behalf.

Upon the whole case we are disposed to think that the evidence did not justify the verdict. The result arrived at was, as we consider, probably induced in part by the man's previous bad character and in

part by an erroneous charge, to which no exception seems to have been taken. As has been said, the defendant did not take the stand on his own behalf, yet the learned judge incorporated this sentence into his charge:

"The law says that a person charged with a crime is a competent witness in his own behalf. A defendant may not take the witness stand, and his neglect or refusal to testify does not create any presumption against him; but, when a defendant takes the stand in his own behalf, he is and can be subjected to all the forms of cross-examination, as could any other witness in the case."

This statement undoubtedly states the law accurately, but there was no occasion to instruct the jury in this particular, because the defendant had not been sworn as a witness, and therefore no question of his cross-examination had been presented. The statute provides that a defendant is not to be prejudiced by his failure to testify in his own behalf, and it must tend to produce some prejudice if attention be called by the court to the fact that he had not testified. The safe rule, as we consider, would be not to refer to the fact at all unless a request is made by the defendant. But to add to the statement that he is not to be prejudiced because he has not testified, a suggestion as to the scope of his cross-examination if he had testified, is to suggest to the jury that he refrained from taking the stand because he feared to subject himself to cross-examination. We consider that, under the circumstances of this case, that portion of the charge which we have quoted tended greatly to the defendant's disadvantage, and contributed in some degree to the verdict, and, if excepted to, would have constituted a clear legal error. People v. Fitzgerald, 156 N. Y. 253–265, 50 N. E. 846.

The judgment of conviction should be reversed, and a new trial granted. All concur.