THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MAX ROGAN, Defendant.

Supreme Court, New York County, July 11, 1927.

Crimes — conduct of trial — criminally receiving stolen property — instructions — prejudicial for judge to state that there were no contradictions in evidence although all witnesses were for prosecution — said charge violates Code of Criminal Procedure, § 393 — certificate of reasonable doubt granted — failure to except to charge does not militate against defendant (Code of Criminal Procedure, § 527).

The application by the defendant, who has been convicted of the crime of criminally receiving stolen property, for a certificate of reasonable doubt is granted, since it appears that the court committed prejudicial error in instructing the jury that the only evidence submitted in the case was that submitted by the People and that there were no contradictions or conflicts in the testimony.

The charge violates section 393 of the Code of Criminal Procedure, since it clearly intimated to the jury that they might take into consideration the fact that the defendant did not testify in his own behalf. Furthermore it does appear that there were conflicts and contradictions in the testimony on behalf of the People.

The failure of the defendant to make specific exceptions to the charge should not militate against him, in view of the provisions of section 527 of the Code of Criminal Procedure.

APPLICATION for certificate of reasonable doubt.

*Henry A. Lowenberg [Alexander A. Mayper* of counsel], for the defendant, for the motion.

*Joab H. Banton, District Attorney [Edwin B. McGuire, Deputy Assistant District Attorney,* of counsel], opposed.

LEVY, J. This case presents a rather pathetic and somewhat unusual situation. Defendant was convicted of the crime of criminally receiving stolen goods and sentenced to twenty years as a second offender under the mandatory provisions of the so-called Baumes Law. As bearing upon the necessity of closely scrutinizing

the propriety of the conviction, it may be noted that defendant's first offense, in view of his subsequent history, may for these purposes be considered a crime merely in the technical sense. It appears from the record that some ten years ago, when he was approximately sixteen years of age, he was convicted of committing an assault upon a minor, whom he married however, and by whom he has two children, sentence in that case having been suspended. Since that time he has continuously lived with his wife and children and his record as far as we know has been clean. At this trial he did not take the stand, and the sole testimony offered was by witnesses in behalf of the People. No exception was taken to the court's charge, but upon this application there are several assignments of error, most of which were not noted at the trial. The consequences to the defendant, however, are so serious that the absence of such exceptions should not militate against him, particularly in view of the provisions of section 527 of the Code of Criminal Procedure. (*People* v. *Kathan*, 136 App. Div. 303.)

Defendant's counsel moved at the close of the People's case to dismiss the indictment, which motion was denied and exception noted. It was renewed at the close of the entire case with like result, the defendant excepting. Indeed, these are sufficient to raise the question of substantial errors upon the trial. (*People* v. *Kathan*, *supra*.) While specific objections to the charge were not made, there is one particular claim of error, among others, which is urged as highly prejudicial. This was a comment made by the court during its charge to the jury, founded upon the fact · that the witnesses who testified were exclusively those who appeared in behalf of the prosecution. Specifically it reads as follows: " As this is a case where the only evidence submitted is that on behalf of the People, there are no contradictions or conflicts of testimony that you have to wrestle with, as happens in so many cases."

The language quoted would seem to deprive the defendant of the benefit of section 393 of the Code of Criminal Procedure, which clearly provides that a defendant is not to be prejudiced by his failure to testify in his own behalf. A strikingly similar situation was presented in *People* v. *Fitzgerald* (156 N. Y. 253) as appears from the following quotation from the opinion of the Court of Appeals (at p. 265): " The court was requested by the defendant's counsel to instruct the jury that his failure to testify at the trial in his own behalf did not create a presumption against him, and the court thereupon proceeded to charge as follows: ' I have been requested to charge you, gentlemen, that the fact that the defendant went voluntarily before the grand jury and told his story, but has not taken the witness stand here, should not raise any presumption

against him. That is true, gentlemen. The defendant had a right to go before the grand jury and make his statement there, and he had a right to change his mind and not take the stand here in this action, and the law says that no presumption shall attach to his failure to take the stand on his trial. *That statute does not say, however, that the jury shall consider all of the evidence as denied by him, which he might deny if he took the stand. It does not incorporate in the evidence a denial which is not there. It simply says that the jury shall consider the evidence as it is, not strengthened or weakened by the fact that the defendant does not take the stand; it does not say that the evidence shall be the same as if it contained a denial by him; it does not say that the jury shall presume that the defendant would deny all the incriminating facts if he took the stand; it says that the jury are not to presume that he would deny or admit any of the evidence, but that the jury must consider the evidence as it stands, unaffected by the fact that the defendant does not take the stand.' "* (Italics mine.)

The court held that it was error to qualify the language of the statute, saying (at p. 266): " *In the trial of a criminal case it can never be necessary to add anything to the plain and simple language of the statute on this subject.* The fact that the accused does not testify in his own behalf cannot be permitted to create any presumption against him. That is the plain mandate of the law, and the force of the proposition should not be weakened and destroyed with the jury by qualifying words. *The learned judge, in contrasting the case as it was with the case as it would have been if the defendant had taken the stand, must have left the impression on the minds of the jury that, after all, something was to be taken against the defendant by reason of his omission to testify, and, therefore, this part of the charge was open to objection.*" (Italics mine.)

The court's charge in the *Fitzgerald* case had a tendency to create a presumption against the defendant in violation of section 393 of the Code of Criminal Procedure in that it *permitted* the jury to consider the evidence offered by the prosecution as being uncontradicted. The language used in the instant case goes even further, for it not only *permits* the jury to find that the People's case was uncontradicted, but appears to *direct* the jury to regard the evidence submitted on behalf of the People as undisputed. True it is that the court made effort to cure this by charging that the burden of proof rests with the People, that guilt must be established beyond a reasonable doubt, and that the jury are the ultimate judges of the facts. But the intimation that there was no conflict of evidence and no contradictions and that the jury should " take all the evidence, the pros and cons of the arguments advanced by both

counsel, and make up your mind whether or not that was part of the stolen property," had the practical effect of a charge that the evidence was without dispute, and that the controversy was merely as to the inferences to be drawn from undisputed testimony. Such a view might easily have diverted the attention of the jury from a consideration of the prime facts and restricted their deliberations to possible inferences to be drawn from what were said to be the uncontradicted facts. In *People* v. *Ryan* (120 App. Div. 275) the Appellate Division in this department, in unmistakable language, said (at p. 277): "The Code of Criminal Procedure (§ 393) provides that a defendant is not to be prejudiced by his failure to testify in his own behalf, *and it must tend to produce some prejudice if attention be called by the court to the fact that he had not testified. The safe rule, as we consider, would be not to refer to the fact at all unless a request is made by the defendant.*" (Italics mine.)

Moreover, the feature of the charge complained against seems all the more grievous in the light of the charge in regard to the " presumption of fact " arising from the recent possession of the fruits of crime. While the latter was entirely accurate in so far as the law upon the subject goes, no one may gainsay but that it emphasized the failure of the defendant to " explain " the possession with which he was charged. Hence, although it may have been perfectly proper to address the jury upon the subject of the resulting presumption unless the possession was adequately explained, in the presence of the other remarks which treated with the lack of " contradictions or conflicts of testimony," due of course to defendant's failure to offer proof, I consider it beyond the power of any one to say that the jury were not influenced into the result.

Furthermore, aside from the fact that the instruction limited the jury in their deliberations, the further fact appears that there actually were contradictions by the very witnesses for the People. These had to do with the important question of the identity of the merchandise, the subject of the very indictment. Gartstein, one of the ultimate possessors of the goods, testified that they were not damaged, and that he sold them as perfect, but the principal witness, Morris, in charge of the complainant's business, testified that only one piece became water stained in the place, while the witness Heit said that five pieces were spotted and returned. Again, Rothberg, who unrolled the pieces for examination, failed to notice any water mark in any of the goods.

In view of the foregoing it seems to me that a reasonable doubt exists whether the judgment of conviction should stand, and the application is, therefore, granted. Settle order on one day's notice, at which time suggestions as to bail will be received.